USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/29/06

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN HIGH-INCOME TRUST, et al.,

                 Plaintiffs,

-v-

No. 02 Civ. 2506 (LTS)(JCF)

ALLIEDSIGNAL, et al.,

                 Defendants.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM OPINION AND ORDER

Plaintiffs, which are four Massachusetts and two California business trusts and two Maryland corporations, initially asserted claims in this action under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, certain sections of the California Corporate Code, and for common law fraud, in connection with their purchase of bonds from Breed Technologies, Inc. On August 9, 2004, this Court issued an Opinion and Order (the "August 9 Decision") dismissing with prejudice all of Plaintiffs' claims against Defendants NationsBanc Montgomery Securities LLC ("NationsBanc"), Prudential Securities, Inc. ("Prudential"), and AlliedSignal Inc. ("AlliedSignal"). See Am. High-Income Trust v. AlliedSignal, 329 F. Supp. 2d 534 (S.D.N.Y. 2004). Counts I, II, and III of Plaintiffs' Amended Complaint ("Complaint"), asserting claims for relief under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, survived as against Defendants Johnnie Cordell Breed ("Breed"), Charles J. Speranzella, Jr. ("Speranzella"), and Speranzella and Terry Cordell as Co-Personal Representatives of the Estate of Allen K. Breed (collectively, the "Director

Copies mailed to Counsel of Record
Chambers of Judge Swain 3/28/06

Defendants").[1]

In the instant motion for judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), the Director Defendants seek dismissal of the remaining claims against them as time barred. The Court has jurisdiction over the instant action pursuant to 15 U.S.C. § 77v and 28 U.S.C. § 1331. The Court has reviewed thoroughly the Complaint and relevant documents, as well as the parties' moving, opposition and reply papers.[2] For the reasons explained below, the Director Defendants' motion is denied.

## DISCUSSION

*Standard of Law*

Familiarity with the background of the claims in this case, as described in the August 9 Decision, is assumed. The Court evaluates a motion for judgment on the pleadings under the same standard used to evaluate a motion to dismiss. See, e.g., Nicholas v. Goord, 430 F.3d 652, 657 n.8 (2d Cir. 2005). Accordingly, the Court accepts as true all factual allegations contained in the Complaint, and will draw all reasonable inferences in the Plaintiffs' favor. See, e.g., W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004). In addition to the Complaint, the Court may consider statements or documents incorporated in the Complaint by reference, public disclosure documents filed with the SEC, and documents "that the plaintiffs

---

[1] "The surviving claims against the Director Defendants are: Count I as against Johnnie Cordell Breed and Speranzella, individually; Count II as against Johnnie Cordell Breed and Speranzella, individually, to the extent it asserts Section 12(a)(2) claims in connection with securities acquired through the Exchange Offering; and Count III as against all of the Director Defendants." Id. at 551.

[2] The parties also submitted supplemental memoranda of law. The Court declines to accept the supplemental memoranda for purposes of the instant motion as untimely and irrelevant.

either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.2d 81, 88-89 (2d Cir. 2000) (internal citations omitted).

*Relevant Statute of Limitations*

The sole remaining issue in the instant case is whether Plaintiffs have timely brought their federal securities law causes of action as against the Director Defendants, which are based on an allegedly false and misleading registration statement, offering memorandum, prospectus, and oral statements, within the relevant statute of limitations period. Because Plaintiffs filed their original complaint on July 31, 2000, prior to the effective date of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), the applicable statute of limitations mandates that claims be brought within one year of discovery of the alleged fraud.[3] "[D]iscovery of facts" sufficient to trigger the one year statute of limitations occurs "when a reasonable investor of ordinary intelligence would have discovered the existence of fraud." Newman v. Warnaco Group, Inc., 335 F.3d 187, 193 (2d Cir. 2003) (quoting Dodds v. Cigna Sec., Inc., 12 F.3d 346, 350 (2d Cir. 1993)). Such discovery of facts includes both "constructive and inquiry notice as well as actual notice." Id. (quoting Rothman v. Gregor, 220 F.3d 81, 96 (2d Cir. 2000) (internal quotation marks omitted)). An individual is said to be on inquiry notice when "the circumstances are such as to suggest to a person of ordinary intelligence the probability that the person has been

---

[3] "No action shall be maintained to enforce any liability created under [Sections 11 and 12(a)(2) of the 1933 Act] unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C.A. § 77m (West 1998). Under Sarbanes-Oxley, federal securities fraud actions brought on or after July 30, 2002, are timely if brought within "(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C.A § 1658(b) (West 2002).

defrauded." Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Inc., 32 F.3d 697, 701 (2d Cir. 1994) (quoting Armstrong v. McAlpin, 699 F.2d 79, 88 (2d Cir. 1983) (internal quotations omitted)). In securities cases, inquiry notice is "often called 'storm warnings.'" Lentell v. Merrill Lynch & Co., 396 F.3d 161, 168 (2d Cir. 2005). "Storm warnings in the form of company-specific information probative of fraud will trigger a duty to investigate." Shah v. Meeker, 435 F.3d 244, 249 (2d Cir. 2006) (quoting Lentell, 396 F.3d at 169). However, "[t]he fraud must be probable, not merely possible." Newman, 335 F.3d at 193.

The Court may determine whether Plaintiffs had notice of the Director Defendants alleged fraud as a matter of law if the relevant information is contained within the Complaint and the papers incorporated by reference therein. See, e.g., LC Capital Partners, LP v. Frontier Ins. Group, Inc., 318 F.3d 148, 156 (2d Cir. 2003), and cases cited therein. The Court is required to use an objective standard to determine whether the information available to Plaintiffs was sufficient to place them on inquiry notice and trigger a duty to investigate. See, e.g., Clark v. Nevis Capital Mgmt., LLC, No. 04 Civ. 2702(RWS), 2005 WL 488641, at *7 (S.D.N.Y. Mar. 2, 2005) ("The test as to when fraud should with reasonable diligence have been discovered is an objective one.") (citing Dodds v. Cigna Sec., Inc., 12 F.3d 346, 350 (2d Cir. 1993)).

*Plaintiffs' Federal Securities Claims Against the Director Defendants*

The Director Defendants argue that, because the Court found in its August 9 Decision that Plaintiffs' inquiry duty with regard to the probability of fraud by AlliedSignal arose at the latest in May of 1999,[4] the Court should similarly find Plaintiffs' inquiry duty as to fraud

---

[4] In its August 9 Decision, the Court determined that Plaintiffs' inquiry duty with regard to AlliedSignal's alleged fraud was triggered by the following two storm

on the part of Director Defendants to have arisen more than a year prior to the filing of the original complaint. (Mem. in Supp. of Mot. by [the Director Defs.] for J. on the Pleadings, 7-9.) The Director Defendants' argument is premised on the theory that the factual allegations upon which Plaintiffs relied to make out their securities claims against AlliedSignal are identical to those Plaintiffs use to assert their claims against the Director Defendants. Plaintiffs argue that nothing contained in the storm warnings that precipitated their duty to inquire as to AlliedSignal's alleged fraud would have put them on notice of the Director Defendants' alleged fraud. (Pls.' Opp'n to the Mot. of [the Director Defs.] for J. on the Pleadings, 10-11.)

It is true that Count I of the Complaint sought to hold AlliedSignal and two of the Director Defendants liable for the same allegedly false and misleading registration statement, and that Count I identified SRS financial statements and management discussions thereof as part of the offending information. As explained in this Court's earlier opinion, Breed's charges against income constituted "storm warnings" sufficient to trigger a duty of inquiry on Plaintiffs' part as to possible fraud by AlliedSignal in the underlying transaction. Counts I, II and III also, however, allege numerous material omissions concerning AlliedSignal's post-closing role and its conduct in connection with due diligence. In order to constitute storm warnings sufficient to trigger Plaintiffs' duty of inquiry, "the information 'must be such that it relates directly to the misrepresentations and omissions the Plaintiffs later allege in their action against the

---

warnings: (1) "Breed[ Technology, Inc.]'s $21.7 million charge reported in its 10-K for the fiscal year ending June 30, 1998, filed September 28, 1998, and specifically attributed to losses on contracts acquired through the SRS Acquisition; and (2) "Breed[ Technology, Inc.]'s 10-Q for the quarter ending March 31, 1999 and accompanying press release, both issued May 17, 1999, reporting a special charge of $135.2 million taken because SRS businesses 'are performing materially worse than expected and have contracts to provide products at losses or marginal profits." AlliedSignal, 329 F. Supp. 2d at 550.

defendants.'" Clark, 2005 WL 488641, at *7. Here, nothing in the 1998 and 1999 special charges in and of themselves suggest AlliedSignal's alleged due diligence failures or its post-acquisition involvement with Breed. Accordingly, the Complaint and relevant documents do not reveal the presence of "sufficient storm warnings" as to these matters to warrant a finding as a matter of law that Plaintiffs claims against the Director Defendants in Counts I, II and III are untimely.

## CONCLUSION

The Director Defendants' motion for judgment on the pleadings is denied. Discovery may now proceed, and the parties shall prepare for and appear at a pretrial conference in accordance with the conference scheduling order issued simultaneously herewith.

SO ORDERED.

Dated: New York, New York
March 28, 2006

LAURA TAYLOR SWAIN
United States District Judge